IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-00908-CYC

ERIC STRUMPF,

      Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS,

      Defendant.

---

**ORDER**

---

**Cyrus Y. Chung, United States Magistrate Judge.**

     This matter is before the Court on the Plaintiff's Motion for Leave to File Second Amended & Supplemental Complaint, ECF No. 47, which attached the proposed Second Amended Complaint, ECF No. 48. The plaintiff previously amended his claims, *see* ECF Nos. 20 and 22, and the Court granted in part and denied in part the defendant's motion to dismiss directed at the amended complaint. *Strumpf v. Colorado Dep't of Corrs*., No. 24cv-00908-CYC, 2025 WL 1918123 (D. Colo. July 11, 2025). As a result, the plaintiff's Rehabilitation Act claim remains. *Id*. at 9. The proposed second amended complaint seeks to add factual allegations and claims under the Rehabilitation Act. ECF No. 48 ¶¶ 14–22. Arguing that amendment is futile, the defendant opposes the motion. ECF No. 50.

     Under Federal Rule of Civil Procedure 15, the Court should grant leave to amend "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of

amendment." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (quotation marks omitted). "The liberal granting of motions for leave to amend reflects the basic policy that pleadings should enable a claim to be heard on its merits." *Carr v. Hanley*, No. 09-cv-01677-WYD-KLM, 2009 WL 4693870, *1 (D. Colo. Dec. 3, 2009) (quoting *Calderon v. Kan. Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999)).

"A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999). "In some cases where a party is moving to amend a complaint, it makes sense to dive deeply into the potential merits of the amended claims; in other cases it does not." *Duong v. State Farm Mut. Auto. Ins. Co.*, No. 21-cv-02187-WJM-NRN, 2022 WL 1198947, at *2 (D. Colo. Feb. 18, 2022). Here, the plaintiff's Rehabilitation Act claim survived the defendant's Rule 12 motion and his proposed amendments clarify and bolster that claim. In addition, the Court would be best served by allowing full briefing on a Rule 12 motion regarding the merits of the amended Rehabilitation Act claims, rather than considering the Rule 12 arguments only through a response brief and a reply brief. As a result, this case falls into the latter category and the defendant's opposition "seems to place the cart before the horse." *Gen. Steel Domestic Sales, LLC v. Steelwise, LLC*, No. 07-cv-01145-DME-KMT, 2008 WL 2520423, at *4 (D. Colo. June 20, 2008). As Judge Ebel found in *General Steel*, this Court finds that "[r]ather than force a Rule 12(b)(6) motion into a Rule 15(a) opposition brief, the defendant[ ] may be better served by waiting to assert [a] Rule 12 motion[ ] until the operative complaint is in place." *Id.*; *see Abdulkadir v. Halliburton Energy Servs., Inc.*, No. 16-cv-00281-CMA-STV, 2017 WL 2311200, at *2 (D. Colo. May 25, 2017).

Given the above, it is hereby ORDERED that the Plaintiff's Motion for Leave to File Second Amended & Supplemental Complaint, ECF No. 47, is **GRANTED**. It is further ORDERED that the Clerk of the Court accept the Second Amended Complaint, ECF No. 48, as the operative complaint in this case. It is further ORDERED that the defendant shall respond to the Second Amended Complaint in accordance with Fed. R. Civ. P. 12(a)(1) based on the Court's acceptance of it as of the date of this Order.

Dated this 7th day of April, 2026, at Denver, Colorado.

BY THE COURT:

_____

Cyrus Y. Chung
United States Magistrate Judge