IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-00908-CYC

ERIC STRUMPF,

　　Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS,

　　Defendant.

---

**ORDER**

---

**Cyrus Y. Chung, United States Magistrate Judge.**

　　This matter is before the Court on Plaintiff's Unopposed Motion for Stay of Proceedings Pending Colorado Court of Appeals Review, ECF No. 67. The plaintiff seeks a stay while the Colorado Court of Appeals (CCA) considers the State Personnel Board's decision affirming his administrative discharge by the Colorado Department of Corrections (CDOC), which gives rise to the claims in this action. *Id*. ¶ 5. The plaintiff's appeal was docketed on June 25, 2026, and based on prior experience, he anticipates that the appeal process will take approximately a year. *Id.* ¶¶ 6–7. The plaintiff believes that the CCA's decision "will sharpen—and in some respects may dispose of—questions that would otherwise require extensive federal discovery and motion practice to develop." *Id.* at 5. Defendant CDOC does not oppose the plaintiff's request for a stay. *Id.* ¶ 8. The motion for a stay is **GRANTED** to the extent that case shall be administratively closed.

　　"The Tenth Circuit has construed an administrative closure to be 'the practical equivalent of a stay.'" *Klen v. Little Thompson Water Dist.*, No. 24-cv-00326-NYW-NRN, 2024 WL

2864192, at *1 (D. Colo. May 3, 2024) (quoting *Quinn v. CGR*, 828 F.2d 1463, 1465 n.2 (10th Cir. 1987)). Administrative closure "does not terminate the underlying case, but, rather, places it in inactive status until such time as the judge, in his discretion or at the request of a party, chooses either to reactive it or to dispose of it with finality." *Id.* (alterations omitted).

Courts in this District "routinely administratively close cases pursuant to D.C.COLO.LCivR 41.2 when a case would otherwise be stayed for an indefinite period of time," *id.*, including where there are pending parallel proceedings in another jurisdiction. *Id.* (administratively closing a case pending the determination of related state court proceedings); *Schupper v. Cafasso*, No. 10-cv-01853-WYD-BNB, 2015 WL 5728864, at *2 (D. Colo. Sept. 30, 2025) (reopening administratively closed case because state court proceedings had resolved); *Atkins v. HCA-HealthONE, LLC,* No. 15-cv-000374-WYD-KLM, 2015 WL 1298507, at *1 (D. Colo. Mar. 19, 2015) (administratively closing case until the conclusion of a related EEOC investigation); *San Juan Cable LLC v. DISH Network LLC*, No. 14-mc-00261-RM-MJW, 2015 WL 500631, at *1 (D. Colo. Jan. 23, 2015) (administratively closing case pending referral of a "related enforcement matter" from the U.S. District Court for the District of Puerto Rico).

Here, the plaintiff has satisfied the factors enumerated in *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006), demonstrating good cause for a stay. A stay will not prejudice the plaintiff nor burden the defendant, will avoid burdening the parties with the costs of litigating pending the resolution of parallel state proceedings which will sharpen or potentially dispose of issues in this case, has no impact on nonparties, and is in the public interest. However, neither the Court nor the parties know when the CCA will resolve the plaintiff's appeal, and the plaintiff estimates that it may not be for almost a year. As indefinite stays are "generally disfavored," the more appropriate course

2

of action is to administratively close the case pursuant D.C.COLO.LCivR 41.2. *Atkins*, 2015 WL 1298507, at \*4; *see also Tetra Tech Inc. v. Town of Lyons*, 641 F. Supp. 3d 1042, 1065 (D. Colo. 2022).

Accordingly, it is hereby ORDERED that the Plaintiff's Unopposed Motion for Stay of Proceedings Pending Colorado Court of Appeals Review, ECF No. 67, is **GRANTED** to the extent that case shall be Administratively Closed pursuant to D.C.COLO.LCivR 41.2, with leave to reopen for good cause shown, in lieu of an indefinite stay.

It is further ORDERED that the plaintiff shall file a motion to reopen this case for good cause within 30 days of the issuance of the Colorado Court of Appeals' decision in his pending appeal.

Dated this 9th day of July, 2026, at Denver, Colorado.

BY THE COURT:

Cyrus Y. Chung
United States Magistrate Judge

3